**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **LENNARD PAUL FIERLING**, | Case No. 2:23-cv-01481-IM |
| Petitioner, | **OPINION AND ORDER** |
| v. | |
| **SUPERINTENDENT OF SNAKE RIVER CORRECTIONAL INSTITUTION**, | |
| Respondent. | |

**IMMERGUT, District Judge.**

Petitioner Lennard Paul Fierling ("Fierling"), an adult in custody at Snake River Correctional Institution, filed this habeas corpus action pursuant to 28 U.S.C. § 2254 ("Section 2254") challenging his state convictions for several offenses on grounds that the trial court imposed an "illegal" sentence and his attorney provided ineffective assistance at trial. Because Fierling's first claim is procedurally defaulted and his second and third claims were denied in state court decisions that are entitled to deference, the Petition for Writ of Habeas Corpus (ECF No. 2) must be denied.

PAGE 1 – OPINION AND ORDER

## **BACKGROUND**

In 2015, a Clackamas County grand jury returned an indictment charging Fierling with five counts of Rape in the First Degree, three counts of Sodomy in the First Degree, and four counts of Sexual Abuse in the First Degree. (Resp't Exs., ECF Nos. 23-24, Ex. 102). The charges arose from the abuse of two children under the age of twelve for whom Fierling occasionally provided childcare. (*Id.* at 2-3; *see also* Ex. 104 at 26-27.[1])

Fierling pleaded not guilty to all counts and proceeded to a bench trial in August 2016. Several witnesses—including both victims, law enforcement officers, individuals to whom the victims disclosed the abuse, and Petitioner—testified at trial. (*See* Resp't Exs. 104-105.) The trial court ultimately returned guilty verdicts on all counts except one count of first-degree rape. (Resp't Ex. 106 at 4-5.) In a separate proceeding, the trial court imposed concurrent and consecutive sentences totaling 325 months of imprisonment. (Resp't Exs. 101; 107 at 31-35.)

After pursuing direct appeal,[2] Fierling sought postconviction relief ("PCR"). (Resp't Ex. 116.) In his counseled amended PCR petition, Fierling asserted that his trial attorney ("trial counsel") was ineffective by failing to (1) "retain a qualified forensic psychologist to provide testimony relating to the child sexual abuse investigation underlying [the] charges[;];" and (2) identify and call witnesses "who could have provided important exculpatory testimony favorable to the defense." (Resp't Ex. 117 at 7-9.) After a short trial at which the parties submitted written

---

[1] When citing Respondent's Exhibits, the Court refers to the exhibit page numbers located in the lower right corner of each page.

[2] Fierling's direct appeal challenged an evidentiary issue that is not relevant to the instant proceeding. (*See* Resp't Ex. 109, Appellant's Brief.) The Oregon Court of Appeals affirmed without opinion, *State v. Fierling*, 293 Or. App. 513, 425 P.3d 513 (2018), and the Oregon Supreme Court denied review, *State v. Fierling*, 363 Or. 815, 431 P.3d 91 (2018).

PAGE 2 – OPINION AND ORDER

evidence and provided argument (Resp't Ex. 154), the PCR court issued a written general judgment denying relief (Resp't Ex. 155).

Fierling appealed the PCR court's judgment, renewing both ineffective assistance claims in his counseled appellate brief. (Resp't Ex. 157 at 2-3.) The Oregon Court of Appeals affirmed without opinion (Resp't Ex. 161), and the Oregon Supreme Court denied review (Resp't Ex. 160).

Fierling now seeks federal habeas relief, raising three grounds for relief and offering supporting facts, as follows:

**Ground One:** An illegally imposed sentence

**Supporting Facts:** The sentence that was imposed on me was ex-post factoly [sic] upward departed on me using an ORS that was not a law when said crimes occurred.

**Ground Two:** Ineffective Assistance of Counsel

**Supporting Facts:** Trial counsel failed to retain a qualified psychologist to provide trial testimony relating to the investigation underlying [Fierling]'s charges.

**Ground Three:** Ineffective Assistance of Counsel

**Supporting Facts:** Trial counsel failed to conduct a reasonable investigation[.] In particular, trial counsel failed to identify and call available witnesses who could have provided important exculpatory testimony favorable to the defense.

(Pet. at 5-10.) Respondent urges the Court to deny habeas relief because ground one is procedurally defaulted and grounds two and three were denied in state court decisions that are entitled to deference.[3] (Resp. to Pet. at 6-15, ECF No. 20.) Fierling did not file a supporting brief

---

[3] In a court-ordered supplemental brief, Respondent further argues that Ground One lacks merit. (ECF No. 29.)

PAGE 3 – OPINION AND ORDER

or otherwise respond to Respondent's arguments.[4] Fierling therefore has failed to sustain his burden of demonstrating that he is entitled to habeas relief. *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (recognizing that a habeas petitioner carries the burden of proving his case). Nevertheless, this Court has thoroughly reviewed the existing record and agrees that Fierling is not entitled to habeas relief in this case.

## DISCUSSION

### I.    Ground One

In Ground One, Fierling asserts that the trial court imposed an "illegal" sentence. (Pet. at 5-6.) Specifically, Fierling alleges that the trial court violated the *Ex Post Facto* Clause of the United States Constitution by imposing an upward departure sentence based on a law that was not in existence at the time of his offenses. (*Id.*) Respondent maintains that Fierling failed fairly to present Ground One to the state courts, and it is now procedurally defaulted. (Resp. to Pet. at 6-7.)

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (simplified). To exhaust state remedies, a habeas petitioner must present federal constitutional claims to the State's highest court. *Id.*; *see also Cooper v. Neven*, 641 F.3d 322, 326 (9th Cir. 2011) (explaining that

---

[4] This Court previously granted Fierling several extensions of time to file a supporting brief. (ECF Nos. 33, 35, 38, 40, 43, 45.) In the most recent order extending the deadline to December 18, 2025, this Court warned Fierling that no further extensions would be granted given the age of the case, and that failure timely to file a supporting brief would result in this Court taking the petition under advisement on the existing record. (ECF No. 45.) To date, Fierling has not filed a supporting brief.

"[e]xhaustion requires the petitioner to 'fairly present' his claims to the highest court of the state"). If a petitioner failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are barred from federal review. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). In this respect, a petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Carpenter*, 529 U.S. 446, 451(2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Fierling did not present Ground One to any state court, and because he no longer may do so, it is procedurally defaulted. *See Kellotat v. Cupp*, 719 F.2d 1027, 1030 (9th Cir. 1983) (explaining that "[i]n Oregon, most trial errors must be raised by direct appeal to the Oregon Court of Appeals") (simplified); *see also* Or. Rev. Stat. § 138.071(1) (requiring a notice of appeal to be served and filed "not later than 30 days after the judgment or order appealed from was entered in the register"). The record provides no basis on which Fierling might overcome the default. *See Coleman*, 501 U.S. at 750 (explaining that a federal court may consider procedurally defaulted claims only if the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in fundamental miscarriage of justice"). Ground One therefore is barred from federal habeas review.

## II.    Grounds Two and Three

In Grounds Two and Three, Fierling claims that trial counsel was ineffective by failing to retain a psychologist to challenge the investigation of the victim's sexual abuse allegations (Ground Two), and by failing to conduct a reasonable investigation by identifying and calling witnesses who would have provided "important exculpatory information favorable to the

PAGE 5 – OPINION AND ORDER

defense" (Ground Three). (Pet. at 7-9.) The PCR court rejected these claims, and Respondent maintains that its decision is reasonable and entitled to deference. (Resp. to Pet. at 10-15.)

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a federal court may not grant habeas relief regarding any claim "adjudicated on the merits" in state court unless the state court ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" established federal law if it fails to apply the correct Supreme Court authority or reaches a different result in a case with facts "materially indistinguishable" from relevant Supreme Court precedent. *Brown v. Payton*, 544 U.S. 133, 141 (2005); *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision is an "unreasonable application" of clearly established federal law if the state court identifies the correct legal principle but applies it in an "objectively unreasonable" manner. *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (per curiam); *see also Early v. Packer*, 537 U.S. 3, 11 (2002) (explaining that state court decisions may be set aside only "if they are not merely erroneous, but an unreasonable application of clearly established federal law, or are based on an unreasonable determination of the facts") (simplified).

Under the well-established precedent of *Strickland v. Washington*, 466 U.S. 668 (1984), a habeas petitioner alleging the ineffective assistance of counsel must show that (1) "counsel's performance was deficient" and (2) counsel's "deficient performance prejudiced the defense." *Id.* at 687. To establish deficient performance, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To establish prejudice, a petitioner must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "Unless a defendant

makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

Analyzing an ineffective assistance of counsel claim under the AEDPA is "all the more difficult" because both standards are "highly deferential and when the two apply in tandem, review is doubly so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (simplified). The question under such circumstances "is not whether defense counsel's performance fell below *Strickland*'s standard." *Id.* at 101. Rather, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Id.* Analyzing an ineffective assistance claim under the AEDPA thus requires that "[a] state court . . . be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.*

In rejecting Ground Two, the PCR court found that trial counsel considered using a forensic psychologist to challenge the investigation of the victims' sexual abuse allegations but made "a reasonable strategic decision" not to do so. (Resp't Ex. 155 at 2.) The PCR court noted that both victims were adults by the time they testified at trial, and that in any event, a forensic psychologist's testimony would have been undercut by the incriminating statements Fierling made to police, Fierling's noncredible testimony at trial, and the opposing testimony of the state's expert witness. (*See id.* at 1-2, noting that the trial judge "believed both victims but not the Petitioner[,]" and that the "forensic expert who interviewed the children was on the state witness list and was prepared to testify if trial counsel had called a forensic expert as a witness for the defense"; *see also* Resp't Ex. 105 at 69-70, Fierling's trial testimony, acknowledging that he made incriminating statements to law enforcement but claiming that he was "confused and scared" and telling the detective "what . . . he wanted to hear.") The PCR court determined that trial counsel understood the limitations and potential benefits of retaining an expert and

PAGE 7 – OPINION AND ORDER

discussed the possibility with Fierling, ultimately concluding, given the evidence against Fierling and the trial judge's experience trying child sexual abuse cases, that "using an expert witness would likely do more harm than good by distracting the trier of fact." (Resp't Ex. 155 at 2; *see also* Resp't Ex. 152 ¶¶ 2-3, Decl. of Ronald L. Gray ("Gray Decl."), attesting that he "had used forensic psychologists in the past, including in other cases involving sex crimes[,]" and "specifically discussed" doing so with Fierling, who agreed with trial counsel's "professional assessment . . . that we not expend finite defense time and resources by pursuing an evaluation by a forensic psychologist.") The PCR court thus concluded that Fierling did not prove that trial counsel's "strategic decision to not use an expert witness was unreasonable or that all reasonable attorneys would have retained and used an expert witness" in Fierling's case. (Resp't Ex. 155 at 2.) The PCR court further concluded that Fierling had not proven prejudice, finding that portions of the proposed expert testimony Fierling submitted in support of his claim would not have been admissible at trial,[5] would have been subject to cross-examination and contradictory testimony by the state's expert, and would not have been "substantial enough" to overcome the victims' credible testimony. (*Id.*)

In rejecting Ground Three, the PCR court found that despite Fierling's insistence that trial counsel should have "conduct[ed] a reasonable investigation and present[ed] sexual propensity witnesses" at trial, "[m]uch" of the proposed testimony Fierling offered in support of his claim

---

[5] Fierling submitted the Declaration of Dr. Wendy Bourg, "an expert regarding child interviewing, memory and suggestibility and procedures for obtaining reliable information[.]" (Resp't Ex. 120 ¶ 1.)

would not have been admitted in the trial court.[6] (Resp't Ex. 155 at 2.) The PCR court explained that sexual propensity witnesses "could only testify by way of opinion or reputation that Petitioner was sexually appropriate around children[,]" and that such testimony would have been subject to cross-examination, potentially causing more harm than good. (*Id.*) The PCR court also credited trial counsel's testimony that Fierling "could not provide him with any credible sexual propensity witnesses" and that even if he had, it was unlikely the trial judge would find their testimony persuasive. (*Id.* at 2; *see also* Gray Decl. ¶ 4, attesting that he discussed with Fierling the possibility of offering "testimony about Mr. Fierling's character traits in terms of purportedly being honest and being appropriate with children[,]" but that Fierling did not identify "specific witnesses whom he believed would testify to those particulars in a credible fashion[,]" and the trial judge "would not have been surprised by other adults . . . holding good opinions of [Fierling] because they had not personally witnessed him abusing a child in their presence.") The PCR court thus concluded that Fierling failed to prove that trial counsel acted unreasonably "in making the strategic decision to not offer [sexual propensity] testimony." (Resp't Ex. 155 at 2.) The PCR court further concluded the Fierling failed to prove prejudice because "[m]ost, if not all, of the witnesses that [Fierling] now offers as sexual propriety witnesses also testified in a similar fashion at the sentencing hearing . . . [and] Judge Miller expressed her opinion that she was not impressed with their testimony." (*Id.* at 3; *see also* Resp't Ex. 107 at 14-20, testimony of Fierling's friends and family at sentencing; *id. at* 30, trial judge explaining after imposing Fierling's sentence that it was "clear to [the court] that all of these folks who wanted to talk

---

[6] Fierling submitted to the PCR court three declarations from family and friends declaring Fierling's sexual propriety around children. (Resp't Exs. 122-124.)

about what a great guy [Fierling] is completely disregard[ed] the torture that has been visited on [the victims] and the notion that somehow this is having a horrible effect on them.")

Based on this record, this Court cannot conclude that the PCR court[7] unreasonably applied federal law or made unreasonable factual determinations when it found that trial counsel's performance was not deficient, *see Strickland*, 466 U.S. at 690 (explaining that "strategic choices made after thorough investigation of law and facts . . . are virtually unchallengeable"); *see also Richter*, 562 at 106-07 (explaining that state courts have "wide latitude" in determining whether an attorney's failure to consult an expert constitutes ineffective assistance, but noting that an attorney "can avoid activities that appear distractive from more important duties" and "formulate a strategy to . . . balance limited resources in accord with effective trial tactics and strategies") (simplified); *Strickland*, 466 U.S. at 691 (explaining that "when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable"), and that Fierling was not prejudiced, *see Richter*, 562 U.S. at 112 (noting that to prove prejudice, "[t]he likelihood of a different result must be substantial, not just conceivable) (simplified). Because Fierling has failed to establish that the PCR court's ruling was "so lacking in justification that there was an error well understood and comprehended in

---

[7] Because the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review, this Court must look to the last reasoned decision on the issue, i.e., the PCR court's denial of Fierling's ineffectiveness claims. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018) (explaining that where the highest state court issues a decision on the merits unaccompanied by its reasons for the decision, a federal habeas court must "look through" to the last reasoned decision issued in a lower state court, and presume the unexplained decision adopted the same reasoning).

existing law beyond any possibility for fairminded disagreement[,]" *id.* at 103, it is entitled to deference. This Court therefore denies habeas relief as to Grounds Two and Three.

## **CONCLUSION**

For the reasons stated, the Court DENIES the Petition for Writ of Habeas Corpus (ECF No. 2), with prejudice. Because Fierling has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED this 12th day of March, 2026.

/s/ Karin J. Immergut

Karin J. Immergut
United States District Judge